# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KATHY NEWMAN, | CIVIL ACTION |
|---|---|
| Plaintiff, | |
| v. | |
| ETHICON, INC. AND JOHNSON & JOHNSON, | NO. 19-4496 |
| Defendants. | |

## MEMORANDUM OPINION

Defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Defendants"), headquartered in New Jersey, have been sued across the country for injuries stemming from the alleged defects in their pelvic mesh device. Of these lawsuits, many were filed as part of the Pelvic Mesh Mass Tort litigation in the PCCP or consolidated into a Multidistrict Litigation in the Southern District of West Virginia ("the West Virginia MDL").

Plaintiff Kathy Newman, a citizen of Ohio, alleges injuries caused by Defendants' device. On June 26, 2019, she filed a complaint in the PCCP, naming Defendants, as well as Secant Medical, Inc. and Secant Medical, LLC (collectively, "Secant") as parties. Secant, headquartered in Pennsylvania, manufactures – at its facility in Bucks County, Pennsylvania – the mesh used in Defendants' devices.

Shortly after Newman's filing, Secant moved for dismissal pursuant to the Biomaterial Access Assurance Act (BAAA), which statutorily immunizes certain biomaterials suppliers from suit.[1] On August 30, the PCCP dismissed Secant pursuant to the BAAA and ordered Newman to

---

[1] "The BAAA protects parties who supply either raw materials or component parts for medical implants (biomaterials suppliers) from the expenses of implant failure litigation by providing 'expeditious procedures to dispose of unwarranted suits against the suppliers.' 21 U.S.C. § 1601(15)(B). One such procedure is a motion to dismiss, which a biomaterials supplier may file under 21 U.S.C. § 1605(a). To prevail under a BAAA motion to dismiss, [a party] must demonstrate that it: (1) is a 'biomaterials supplier'; (2) is not a manufacturer of the failed implant; (3) is not a seller of the failed implant; and (4) did not provide raw materials or component parts that failed to meet applicable contractual requirements or specifications." *Mattern v. Biomet, Inc.*, 2013 WL 1314695, at *2

file an Amended Complaint not naming Secant as a party. Newman complied, and Defendants proceeded to remove from the PCCP to this Court, claiming diversity as a basis for federal jurisdiction. Plaintiff's now move to remand and, for the reasons that follow, the motion is granted.

"It is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of a case, and, as its name indicates, jurisdiction based on diversity of citizenship requires that opposing parties be citizens of diverse states. Under the dictates of 28 U.S.C. § 1332(a), for diversity jurisdiction to exist, no plaintiff may be a citizen of the same state as any defendant, and the amount in controversy must exceed $75,000." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (internal quotations, citations and alterations omitted). A defendant may thus remove an action originally filed in state court to federal court provided none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441. Typically, an individual is considered a citizen of the state in which she is domiciled, while a company is considered a citizen both of its state of incorporation and of its principal place of business. *See Cortez v. Baskin*, 2019 WL 2142902, at *2 (D.N.J. May 16, 2019).

Though jurisdiction usually depends "upon the state of things at the time of the action brought," *Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824), "[i]n a case not originally removable, a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements—for example, by reason of the dismissal of a nondiverse party—may remove the case to federal court within 30 days of receiving such information. [28 U.S.C] § 1446(b)," *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69

---

(D.N.J. Mar. 28, 2013).

(1996). Though Section 1446(b) does not address the issue of whether dismissal of a non-diverse party need be voluntary to render a non-removable case removable postcommencement, "[u]nder the voluntary-involuntary rule, a case that is not initially removable cannot become removable except by a voluntary act of the plaintiff, such as amendment of the pleadings or voluntary dismissal of the non-diverse defendant." *Rubino v. Genuardi's Inc.*, 2011 WL 344081, at *5 (E.D. Pa. Jan. 31, 2011). "In other words, a distinction has been made between a state judge terminating the action as to a non-diverse party, which does not make the action removable, and the plaintiff voluntarily terminating the action as to the non-diverse party, which does make the action removable." *Greco v. Beccia*, 2001 WL 121887, at *2 (M.D. Pa. Feb. 13, 2001).[2]

The voluntary-involuntary rule does *not* apply, however, where a plaintiff has fraudulently joined a party to defeat diversity. *See id.*, at *5 (quoting *Great Northern Railway Co. v. Alexander*, 246 U.S. 276, 282 (1918)); *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). "[J]oinder is fraudulent if there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006) (internal quotations omitted). "[A] claim is 'colorable' if it is 'not wholly insubstantial or frivolous.'" *Pasha v. Attorney Gen. of U.S.*, 425 F. App'x 139, 142 (3d Cir. 2011) (quoting *Batoff*, 977 F.2d at 852). A district court determining whether a plaintiff has made a colorable claim must rely on the factual allegations in the complaint. *See Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990); *Kalberer v. Ethicon et al.*, No. 19-2195,

---

[2] Though the Third Circuit has not ruled on the applicability of the voluntary-involuntary rule, *Matteo v. Progressive Advanced Ins. Co.*'s observation that "all district courts in the Third Circuit to consider the issue have upheld the voluntary-involuntary rule and all Circuit Courts of Appeals addressing the issue have adopted the voluntary-involuntary rule," 2012 WL 13018245, at *2 (E.D. Pa. Sept. 27, 2012) (internal quotations and alterations omitted), remains as true today as it was in 2012.

3

ECF 11 at 3.  And, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111 (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983)).

Here, it is uncontested that none of the *current* parties are citizens of the state in which this action was brought: Newman is a citizen of Ohio, and Defendants, being headquartered in New Jersey, are citizens of that state.  *See Cortez*, 2019 WL 2142902, at *2.  It is also uncontested that Secant, being headquartered in Pennsylvania, is a citizen of the state in which this action was brought and is a potentially diversity-destroying party.  *Id.*  Though a jurisdictional defect such as lack of diversity may be curable postcommencement—for example, through plaintiff's voluntary dismissal of the diversity-destroying party—Newman did not voluntarily dismiss Secant as a party.[3]  Therefore, the action remains non-removable per the voluntary-involuntary rule—unless Secant has been fraudulently joined as a party for the sole purpose of defeating diversity.  *See Batoff*, 977 F.2d at 851.  That question—whether Newman fraudulently joined Secant—is thus the critical question in this dispute.

Defendants argue Newman did fraudulently join Secant.  They characterize Secant's initial inclusion as a defendant as "a 'sham' aimed at preventing removal," insisting that Newman neither intended nor expected to be able to pursue her claims against Secant.  As

---

[3] Defendants argue the voluntary-involuntary distinction is irrelevant when the non-diverse defendant is dismissed for a non-merits reason, and they maintain that Secants dismissal pursuant to the BAAA was not on the merits. Courts within the Third Circuit have not adopted this distinction. *See Greco*, 2001 WL 121887, at *5 (questioning the relevance of this distinction and collecting cases in which this distinction was not addressed).  And, to the extent that the distinction *is* relevant, the PCCP's dismissal pursuant to the BAAA serves as an adjudication on the merits, since the BAAA establishes federal preemption of claims against biomaterials suppliers.  *See* 21 U.S.C. § 1603(c) (describing effect of BAAA as "preemption"); *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 516-17 (3d Cir. 2007) (explaining that "dismissals based on subject matter jurisdiction or preemption should be understood as being on the merits").

4

support, they note that the judge overseeing the Pelvic Mesh Mass Tort Litigation in the PCCP had issued an order in August 2014 dismissing Secant from the pelvic mesh cases pursuant to the BAAA. This order, they maintain, along with a June 2015 order reiterating the August 2014 order,[4] establishes that Newman was "on notice" that "she had no colorable cause of action against Secant."[5]

"[A] removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a heavy burden of persuasion," *Boyer*, 913 F.2d at 111 (internal quotations omitted). Defendants have not met that burden, because Newman's claims against Secant were not "wholly insubstantial or frivolous." *Pasha*, 425 F. App'x at 142. As the court explained in the West Virginia MDL litigation when addressing a similar fraudulent joinder claim involving the BAAA, there was, as of the date of its opinion, a "dearth of case law interpreting" the statute's applicability. *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 2013 WL 6710345, at *3 (S.D.W. Va. Dec. 19, 2013). Because of that dearth, and "[b]ecause all legal uncertainties are to be resolved in the plaintiff's favor in determining whether fraudulent joinder exists," the MDL court found that the BAAA issue could not be the basis for a finding of fraudulent joinder. *Id.*

The jurisprudential landscape has not changed significantly since, and thus, the same

---

[4] All the PCCP orders referred to in this case were issued by the same judge, *i.e.*, the judge overseeing the mass tort proceeding.

[5] A plaintiff opposing a defendant's motion to dismiss pursuant to the BAAA may present evidence, such as affidavits, demonstrating that the moving party is not the type of party protected under the BAAA. 21 U.S.C. § 1605(c)(2)(b). "This procedure effectively provides a mechanism by which a reviewing court can consider evidence outside the complaint" to determine the applicability of the BAAA. *Kalberer*, No. 19-2195, ECF 11 at 2. Defendants note that, after Secant moved to dismiss under the BAAA, Plaintiff did not present evidence such evidence; this, they argue, reveals that Newman was not actually interested in suing Secant. Newman, however, consistently maintained that Secant "designed, tested, inspected, wove, knitted, cut, treated, packaged, manufactured, marketed, and/or sold" the mesh used in Defendants mesh implants and that its role made it a "manufacturer," rather than a mere biomaterials supplier. The fact that the PCCP ultimately rejected this argument is immaterial to the fraudulent joinder determination.

5

reasoning applies here, the PCCP orders notwithstanding. Neither the Superior Court of Pennsylvania nor the Pennsylvania Supreme Court has ruled on the issue of the BAAA's applicability to Secant. Defendants concede that the issue is appealable, and "[t]he very fact that courts may differ in their resolutions of this issue shows there is a possibility of recovery." *Id.* The decision of a single state court judge is not conclusive and cannot be said to render joinder frivolous. *See Kalberer v. Ethicon et al.*, No. 19-2195, ECF 11 at 4. Furthermore, the chronology and substance of the PCCP orders themselves suggest that Secant's dismissal was not a foregone conclusion at the time of the original complaint's filing. Though Defendants repeatedly referred to the August 2014 order as a "global order," the order did not apply to all PCCP pelvic mesh cases past, present and future. Rather, as the subsequent June 2015 order clarified, the August 2014 order applied to cases filed between August 22, 2014 and June 7, 2015. And, tellingly, when Secant subsequently moved to be dismissed from cases filed in 2019 pursuant to the August 2014 order, the PCCP clarified that the August 2014 order was not self-executing and that Secant would have to file motions to dismiss in individual cases. In sum, the neither the August 2014 nor the June 2015 orders applied or were intended to apply to Newman's case, so the existence of these orders cannot form the basis for a finding of fraudulent joinder. Because Secant was not fraudulently joined as a diversity-destroying defendant, this Court lacks jurisdiction to hear this case.[6]

An appropriate order follows.

**November 20, 2019**           BY THE COURT:

/s/Wendy Beetlestone, J.
**WENDY BEETLESTONE, J.**

---

[6] Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, or, In the Alternative, to Transfer Venue (ECF 3) shall be denied as moot. *Wolstenholme v. Bartels*, 511 F. App'x 215, 217 (3d Cir. 2013) (describing a district court's assessment of the best order in which to address a motion to remand or a motion to dismiss for lack jurisdiction as discretionary).

6